**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JEROME ADAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 20-cv-215-NJR** |
| | ) | |
| | ) | |
| **ANDREW E. HOLLE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Jerome Adams, an inmate of the Illinois Department of Corrections ("IDOC")

who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action for

deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff

alleges Defendant Andrew E. Holle used excessive force in violation of the Eighth Amendment.

Plaintiff seeks declaratory judgment, monetary damages, and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28

U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter

out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally

frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money

damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C.

§ 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint:  On May 17, 2019, while in his

cell at Menard, Plaintiff accidently knocked over a container of spoiled gravy which other inmates

1

claimed was feces (Doc. 1, p. 6). Holle and three other correctional officers pulled Plaintiff out of

his cell and escorted him to the showers where Holle choked him, stated that he didn't tolerate

throwing feces, and then instructed the other officers to beat him (*Id.* at p. 7). They then walked

him to a segregation holding cell where Holle slammed him into the floor, causing a cut to

Plaintiff's right eyebrow (*Id.*).

### Preliminary Dismissals

Plaintiff notes that three other correctional officers participated in the excessive force, but

he does not know their names. He does not identify them as defendants in his Complaint (See

Doc. 1, pp. 1 and 10). To state a Section 1983 claim against an individual or entity, Plaintiff must

specifically identify them, by name or Doe designation. *See Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2). Because Plaintiff has not identified the correctional

officers by a John Doe designation and states that they are not defendants, the Court considers any

potential claims against them **DISMISSED without prejudice**.

### Discussion

Based on the allegations in the Complaint, the Court finds it convenient to designate a

single count in this *pro se* action:

> **Count 1:** **Andrew E. Holle used excessive force against Plaintiff in violation of the Eighth Amendment.**

The parties and the Court will use these designations in all future pleadings and orders, unless

otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the**

**Complaint but not addressed in this Order should be considered dismissed without prejudice**

**as inadequately pled under the *Twombly* pleading standard**.[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

At this stage, the allegations in the Complaint state a viable claim for excessive force against Holle. *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). But he cannot proceed with claims for monetary damages against Holle in his official capacity. *See Brown v. Budz*, 398 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). To the extent that he seeks injunctive relief, the Court **ADDS** the current warden of Menard, Alex Jones, in his official capacity only, for purposes of implementing any injunctive relief awarded.

## Motion for Counsel

As to Plaintiff's motion for counsel (Doc. 3), Plaintiff states that he has written a number of attorneys that have declined to take his case. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[2] Further, counsel is not needed at this time because the defendants have not yet been served and a discovery schedule has not been entered. Thus, Plaintiff's motion for counsel (Doc. 3) is **DENIED** without prejudice. Plaintiff may renew his request for the recruitment of counsel at a later date.

## Disposition

For the reasons stated above, Count 1 shall proceed against Andrew E. Holle. Alex Jones (official capacity only) is added to the case for purposes of implementing any injunctive relief.

The Clerk of Court shall prepare for Defendants Andrew E. Holle and Alex Jones (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms,

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 4/6/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**